1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ANDREW L. LIAO (CABN 271219)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-7023
7      FAX: (415) 436-7234
       andrew.liao@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 17-CR-46-SI-TSH |
|---|---|
| Plaintiff, | ) [PROPOSED] DETENTION ORDER |
| v. | ) |
| EZAHNA EVANS, | ) |
| Defendant. | ) |

On October 25, 2019, a petition was filed alleging that defendant Ezahna Evans violated the terms of his supervised release by: (1) possessing a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1); (2) violating California Vehicle Code Sections 22350(a) (speeding) and 20002 (hit and run); (3) failing to notify probation within 72 hours of being arrested or questioned by law enforcement; and (4) failing to report to the probation officer as instructed.

This matter came before the Court on November 4, 2019, for a detention hearing. The defendant was present and represented by Steven G. Kalar, Federal Defender. Assistant United States Attorney Andrew L. Liao appeared for the government. United States Probation Officer Aldonza Leal was also present. The defendant sought to be released, and the government opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Pursuant to Fed. R. Crim. P. 32.1(a)(6), it is defendant's burden to show by clear and convincing evidence that he will not flee or pose a danger to the community. Here, the fact that the alleged offense of possessing a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1) occurred while the defendant was on supervised release following a prior conviction for that same felony means that the defendant has not carried his burden to prove he is not a danger to the community. Accordingly, IT IS ORDERED THAT:

1. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: 11/5/2019

HON. THOMAS S. HIXSON
United States Magistrate Judge